plea agreements - cooperation - male -
12/2011



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

230

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-326-1 |
| MICHAEL AKERS | : | |

FILED
AUG 0 1 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Counts 1, 3, 27, 30, 38, 47, 51, 72, 73, 93, 98–105, 107-109, 111, and 112, of the Indictment charging him with violations of 18 U.S.C. § 286 (conspiracy), 18 U.S.C. § 287 (false claims against the government), 18 U.S.C. §1029(a)(5) (credit card fraud), 18 U.S.C. §1028A(a)(1) (aggravated identity theft), and 18 U.S.C. § 1343 (wire fraud) and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 28 U.S.C. §2461(c), and 18 U.S.C. § 981(a)(1)(C), all arising from a conspiracy to defraud the government of money by filing tax returns with claims for bogus refunds and a wire fraud scheme to distribute some of the fraudulently induced payments among co-defendants. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. The defendant agrees to cooperate fully and truthfully with the government as follows:

a. The defendant agrees to provide truthful, complete, and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. The defendant agrees that the term "cooperation" as used in this plea agreement requires information regarding criminal activity in addition to that relating to the conspiracy charged in the Indictment.

c. The defendant agrees to provide all information concerning his knowledge of, and participation in the conspiracy to file false and fraudulent IRS Forms 1040's seeking bogus refunds, the filing of false claims, aggravated identity theft of people whose "profiles" that is, names, dates of birth and social security numbers were used in filings, the related wire fraud conspiracy to distribute some of these funds to co-defendants, and any other crimes about which he has knowledge. The defendant further understands and agrees that: (I) all information and cooperation provided after signing this agreement may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter; and (ii) as of the date of the defendant's entry of a guilty plea, all information provided under any prior off-the-record proffer letter may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter.

d. The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

2

    e.  The defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

    f.  The defendant agrees to hold himself reasonably available for any interviews as the government may require.

    g.  The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

    h.  The defendant understands that his cooperation shall be provided to any federal or other law enforcement agency as requested by the government.

    i.  To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will join any request by the government to postpone sentencing until after his cooperation is complete.

    j.  The defendant agrees and understands that this agreement requires that his cooperation regarding any matter about which the defendant has knowledge as of the date of sentencing shall continue, upon the government's request, even after the time that the defendant is sentenced. The defendant agrees that if the government determines that the defendant has failed to so cooperate following sentencing in this matter, the government may initiate a new prosecution of the defendant for any charges that were dismissed under this agreement, and may use in that prosecution any information provided by the defendant during the course of cooperation. Further, the defendant agrees that in the event of such a later prosecution, he waives any right to object to prosecution for an offense of which a charge to which the defendant is presently pleading guilty is a lesser included offense, and also waives any defense based on the statute of limitations or the Double Jeopardy Clause.

3

k. The defendant understands that it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement.

l. The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has not provided full and truthful information about the defendant's assets, income, and financial status, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, then the government may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the course of cooperation; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed, based on and using any information provided by the defendant during the course of cooperation; (c) decline to file any motion under USSG § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35; (d) withdraw any previously filed motion under USSG § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35; (e) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (f) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

m. The decision both as to whether the defendant has violated the terms of this agreement and the election of a remedy or remedies will be in the sole discretion of the government. The defendant understands and agrees that the fact that the government has not

4

asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

  3. If the government in its sole discretion determines that the defendant has fulfilled all of his obligations of cooperation as set forth above, at the time of sentencing, the government will:

    a. Move to dismiss Counts 2, 4-26, 28, 29, 31-37, 39-46, 48-50, 52-71, 74-92, 94-97, 106, 110, and 113-120 of the Indictment as to this defendant. The defendant waives the statute of limitations as to all counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if these counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any of these dismissed counts.

    b. Make the nature and extent of the defendant's cooperation known to the Court.

    c. Move for departure from the Sentencing Guidelines pursuant to USSG § 5K1.1 and for imposition of a sentence below any mandatory term of imprisonment pursuant to 18 U.S.C. § 3553(e), if the government, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required. The defendant understands and agrees that: (1) the government will exercise its sole discretion regarding whether and how to investigate any information provided by the defendant; (2) as of the date of this agreement no determination has been made as to the defendant's

eligibility for either a § 5K1.1 or § 3553(e) motion; and (3) the government may refuse to file a § 5K1.1 or § 3553(e) motion, and may withdraw any previously filed § 5K1.1 or § 3553(e) motion, if this plea agreement is breached in any way including the commission of a crime after the date of this agreement.

Finally, the defendant understands and agrees that the filing of any such motion will not obligate the government to recommend a downward departure from the Sentencing Guidelines or the statutory mandatory minimum term of imprisonment.

    d.    Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

    e.    Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

    f.    Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

    g.    The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

4.    The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum sentences:

Count 1 (false claims conspiracy): 10 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment;

Counts 3, 27, 30, 38, 47 and 51 (false claims): for each count, 5 years' imprisonment, a 3-year period of supervised release, a $250,000 fine and a $100 special assessment;

Count 72 (credit card fraud): 15 years' imprisonment, a 3-year term of supervised release, a $250,000 fine and $100 special assessment;

Count 73 (aggravated identity theft): a mandatory term of 2 years' imprisonment which must follow any other period of incarceration imposed by the Court, a one-year term of supervised release, a $250,000 fine and $100 special assessment;

Counts 93, 98–105, 107-109, 111, and 112 (wire fraud): for each count, 20 years' imprisonment, a 3-year term of supervised release, a $250,000 fine and $100 special assessment.

Thus, the Total Maximum and Mandatory Sentence is: 335 years' imprisonment, plus a 2-year mandatory consecutive term of imprisonment, a 3-year period of supervised release, a $5,750,000 fine, and a $2,300 special assessment. Full restitution of as much as approximately $2,891,463.99 also shall be ordered. Forfeiture of all proceeds from the offenses and derived therefrom also may be ordered.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years of imprisonment per count of conviction for each Class C or Class D offense, such as those of Counts 1, 3, 27, 30, 38, 47, 51, 72, 93, 98–105, 107-

7

109, 111, and 112 , and 1 year for each Class E offense, such as that of Count 73. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

      5.      The defendant agrees to pay a fine and to make restitution as directed by the Court. The defendant further agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

      6.      In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. Accordingly:

      a.      The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

      b.      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      7.      The defendant agrees to pay the special victims/witness assessment in the amount of $2,300 at such time as directed by the Court.

8. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

9. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, and adjustments; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

(a) The parties agree and stipulate that: $3,220,309 was the fraud loss intended in furtherance of the criminal activity jointly undertaken by the defendant and co-conspirators; this amount was within the scope of the defendant's agreement; this amount was reasonably foreseeable to the defendant in connection with the conspiracy; and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3.

(b) The parties agree and stipulate that pursuant to USSG § 2B1.1, the intended loss amount has a base offense level of 7 and a specific offense level of 18. USSG §§ 2B1.1(a), (b)(1)(J).

(c) The parties agree and stipulate that there were more than 10 victims of the offense, for which there is a two-level enhancement under USSG § 2B1.1(b)(2)(A).

(d) ~~The parties agree and stipulate that the offense involved vulnerable victims, for which there is a two-level enhancement under USSG § 3A1.1(b)(1).~~

9

(e) The parties agree and stipulate that the defendant used a person less than 18 years old to commit the offenses, for which there is a 2-level enhancement pursuant to USSG § 3B1.4. The parties further agree and stipulate that the minor referred to in this subparagraph shall not be identified and that if any third party makes a request for identifying information, the government will ask the Court for an *ex parte* hearing to determine whether such disclosure is required or warranted;

(f) The parties agree and stipulate that the defendant was an organizer and leader of the conspiracy that involved five or more participants and was otherwise extensive, for which there is a four-level enhancement under USSG § 3B1.1(a).

(g) The parties agree and stipulate that except as discussed above with respect to a motion pursuant to USSG § 5K1.1, they will not seek either an upward or a downward departure under the Sentencing Guidelines.

(h) The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

(i) The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

10. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally

attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law, except for any claim that the attorney who represented the defendant at the time of the execution of this agreement and the entry of the defendant's guilty plea provided constitutionally ineffective assistance during any part of that representation.

    a.  Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b.  If the government does not appeal, then not withstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

      (1)  the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 4 above;

      (2)  the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

      (3)  the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

    11.  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

    12.  The defendant has asked the government to assist him to resolve charges that are currently pending against him in New Jersey. In response, the government has provided counsel for the defendant with the telephone numbers of the New Jersey state prosecutors with whom he may discuss disposition of those matters. The government has not and will not make any recommendation or take any position as to how New Jersey should respond to any request of the defendant to dismiss or otherwise resolve any pending charge.

    13.  The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

14. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties. In addition, the prior off-the-record proffer letter dated August 21, 2012, is revoked as of the date this plea is entered.

_____  
MICHAEL AKERS  
Defendant

_____  
KENNETH MIRSKY, Esq.  
Counsel for Defendant

Date: 7/31/13

ZANE DAVID MEMEGER  
United States Attorney

_____  
PETER F. SCHENCK  
Chief, Criminal Division  
Assistant United States Attorney

_____  
PAMELA FOA  
Assistant United States Attorney

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

    v.                                :          CRIMINAL NO. 12-326-1

MICHAEL AKERS                     :


## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.     I understand that I do not have to plead guilty.

2.     I may plead not guilty and insist upon a trial.

3.     At that trial, I understand

    a.     that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

    b.     that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

    c.     that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

    d.     that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

    e.     that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

    f.     that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

    g.     that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

    h. that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

  4. I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

  5. I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

  6. I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

  7. Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

  8. I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

    (1) the nature and circumstances of the offense and my personal history and characteristics;

    (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
MICHAEL AKERS
Defendant

_____
KENNETH MIRSKY, Esq.
Counsel for the Defendant

Dated: 7/31/13